UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DISABLED ACCESS, INC. a Florida not for profit corporation, and STEPHEN MATTIX, Individually, § § § § | |
| Plaintiffs, § | CASE NO. _____ |
| vs. § | |
| § | |
| MACY'S RETAIL HOLDINGS INC., a Foreign § Corporation, § | NO JURY |
| § | |
| Defendant. § | Magistrate Requested |
| § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
(Injunctive Relief Demanded)

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiffs, DISABLED ACCESS, INC., a Florida not-for-profit corporation, and STEPHEN MATTIX, Individually, on their behalf and on behalf of all other individuals similarly situated, ("Plaintiffs"), hereby sue the Defendant, MACY'S RETAIL HOLDINGS INC., a Foreign Corporation, ( "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### I.    PARTIES

1.    Plaintiff, STEPHEN MATTIX, is an individual residing in Clay, Florida.

2.    Plaintiff, DISABLED ACCESS, INC., is a non-profit corporation formed under the laws of

1

the State of Florida. DISABLED ACCESS, INC. maintains its principal office in Jacksonville, Florida.

3.   Defendant's property, MACY'S AT GREENSPOINT MALL. is located at 500 Greenspoint Mall, Houston, TX in the County of Harris.

## II.   JURISDICTION AND VENUE

4.   This Court has original jurisdiction in this action. This Court has been given original jurisdiction over actions arising from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.   Venue is properly in the United States District Court for the Southern District of Texas because venue lies in the judicial district of the property situs. The Defendant's property is located the Southern District of Texas  and the Defendant conducts  business within this judicial district.

## III.   STATUTORY BACKGROUND

6.   On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

7.   Among other things, Congress made findings in 42  U.S.C.  § 12101 (a)(1)-(3), (5) and (9) that included:

   a.   Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b.   Historically, society has tended to isolate and segregate individuals with disabilities,

2

and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c.     Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

d.     Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

e.     The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

8.     Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

a.     Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b.     Provide clear, strong, consistent, enforceable standards addressing discrimination

3

against individuals with disabilities; and,

c.      Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

9.      Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

10.     Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## IV.  THE PARTIES AND STANDING

11.     Plaintiff DISABLED ACCESS, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED ACCESS, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements

4

of the ADA. One or more of it's members has suffered an injury that would allow it to bring suit in its own right.  DISABLED ACCESS, INC. has also been discriminated against because of its association with its disabled members and their claims.

12.    Plaintiff STEPHEN MATTIX is sui juris and qualifies as an individual with disabilities as defined by the ADA. Mr. Mattix has multiple sclerosis and uses a wheelchair to ambulate. While at the Defendant's property, the Plaintiff encountered architectural barriers. STEPHEN MATTIX visited the property which forms the basis of this lawsuit numerous times and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff is also a member of the Plaintiff organization, discussed above in paragraph 11.

13.    Mr. Mattix regularly visits the Houston area to visit his children who live in Killeen and Belton, Texas, and his parents and brother who reside in Spring, Texas.

14.    The Defendant has discriminated against the individual Plaintiffs and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15.    Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA,  28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as MACY'S AT GREENSPOINT MALL., and is located at 500 Greenspoint Mall, Houston, TX.

5

16.     DISABLED ACCESS, INC. and STEPHEN MATTIX have a realistic, credible, existing and
        continuing threat of discrimination from the Defendant's non-compliance with the ADA with
        respect to this property as described but not necessarily limited to the allegations   in
        paragraph 18 of this complaint.

17.     STEPHEN MATTIX plans to visit MACY'S AT GREENSPOINT MALL in the near future.
        He desires to return to the Defendant's property not only to avail himself of the goods and
        services available at the property but to assure himself that this property is in compliance
        with the ADA so that he and others similarly situated  will have full and equal enjoyment of
        the property without fear of discrimination.

## THE INSTANT CLAIM

18.      The Defendant has discriminated and  is continuing to discriminate  against the Plaintiff in
        violation of the ADA by failing to, inter alia, have accessible facilities by January 26,1992
        (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $500,000
        or less). A preliminary inspection of MACY'S AT GREENSPOINT MALL. has shown that
        violations exist. These violations encountered by Plaintiff Mattix include, but are not limited
        to:

### Accessible Route and Parking

        a.      There is not at least one accessible route complying with the Standards for Accessible
                Design Section 206.2.1 within the boundary of the site from the public sidewalks to
                an accessible building entrance, in violation of 2010 ADA Standards 206.2.1. This
                condition prevents Plaintiff from safely entering the property when coming from an
                adjoining property, or from going safely to neighboring properties from the subject
                property.

        b.      The accessible parking spaces are not dispersed and located closest to the accessible
                entrance in violation of Standard 502. This condition requires the Plaintiff to travel
                long distances in his wheelchair by the dangerous vehicle route.

c.      The access aisles do not adjoin the accessible route in violation of Standard 502. This condition forced the Plaintiff to travel the dangerous vehicle route to the entrance.

d.      The sidewalk in front of the store has cross slopes that exceed 2.08%. This condition is dangerous to Plaintiff Mattix, and can cause his wheelchair to topple.

e.      There are curb ramps provided at the site that have slopes exceeding 1:12. This created a dangerous situation for Plaintiff Mattix and could cause his wheelchair to topple.

f.      There is not at least one accessible route which connects accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site in violation of Standard 206.2.2. This created a dangerous situation for Plaintiff Mattix because it required him to take the vehicular route to go between buildings.

g.      Many of the parking spaces provided do not have access aisles in violation of the Standards. This prevents the Plaintiff Mattix from using the parking space.

**Restroom**

h.      There is insufficient latch side clearance to exit the men's restroom in violation of Standard 404.2.4. This created a situation where the Plaintiff could not exit the men's restroom without assistance.

i.      The toilet in the men's restroom, encroaches into the clear floor space of the door in violation of Standard Section 604. This situation makes it very difficult for the Plaintiff to enter the stall without assistance.

j.      The interior restroom door has a door pressure that exceeds 5 pounds, preventing Mr. Mattix from properly opening the door in violation of Standard Section 404.2.9.

k.      The rear grab bar in the men's restroom is not horizontal and mounted between 33-36" above the finish floor in violation of Standard 609.4. This situation prevented the Plaintiff from transferring onto the water closet.

l.      The dispenser in the men's restroom is located above the permissible reach range in violation of Standard 609.3. This condition prevented Mr. Mattix from reaching the dispenser.

m.      The coat hook in the men's restroom is mounted higher than 48 inches to the top edge preventing Mr. Mattix from reaching it.

n.    The wheelchair accessible toilet compartment in the men's restroom does not meet the requirement of Standard 604 prevented Mr. Mattix from using the toilet.

## Sales Area

o.    Some of the sales counters are above 36" in violation of Standard 904. This condition makes it extremely difficult for Mr. Mattix to purchase goods.

p.    There is not an accessible route of 36" to all shopping areas in violation of Standard 202.6.5. This condition prevents Mr. Mattix from stopping in certain areas of the store.

## Dressing Room

q.    The men's dressing rooms are not constructed in accordance with Standard 903. The dressing rooms lack turning space for a wheelchair user, a compliant bench, and a compliant coat hook. This condition prevents Mr. Mattix from using the dressing rooms.

## Drinking Fountains

r.    The drinking fountain provided is not compliant. The leading edge is higher than 27 inches. This condition prevents Mr. Mattix from using the drinking fountains.

19.    The discriminatory violations described in paragraph 18 are not an exclusive list of the Defendant's ADA violations. Plaintiffs will require further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

20.    The individual Plaintiff, the members of the Plaintiff's group and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and

remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

21.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to  full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR  36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy

9

subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendant's
facility must be readily accessible to and useable by individuals with disabilities as
defined by the ADA.

23.     Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A) sets out
guidelines for accessibility for buildings and facilities. These guidelines are to be applied
during design, construction and alteration of such buildings and facilities to the extent
required by regulations issued by Federal Agencies, including the Department of Justice,
under the ADA.

24.     Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees,
costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR
36.505.

25.     Notice to Defendant is not required as a result of the Defendant's failure to cure the
violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees
and gross receipts of $500,000 or less). All other conditions precedent have been met by
Plaintiff or waived by the Defendant.

26.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

27.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs Injunctive
Relief including an order to alter MACY'S AT GREENSPOINT MALL to make those
facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities
as defined by the ADA; or by closing the facility until such time as the Defendant cures
its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

10

a.   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.   An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.§ 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under Title

III of the Americans with Disabilities Act.

Respectfully Submitted,

**RONALD J. SMEBERG, PLLC**

Ronald J. Smeberg, Esq.

Texas Bar No. 24033967

*Co-Counsel for Plaintiffs*

11550 IH 10 West, Suite 180

San Antonio, Texas 78230

(832) 605-6769 - telephone

(281) 293-9902 - facsimile

ronaldsmeberg@yahoo.com

**FULLER, FULLER AND ASSOCIATES, P.A.**

John P. Fuller, Esq., Lead Attorney

Florida Bar No. 0276487

Southern District of Texas Admission #578081

*Co-Counsel for Plaintiffs*

12000 Biscayne Blvd.

Suite 609

North Miami, FL 33181

(305) 891-5199 - telephone

(305) 893-9505 - facsimile

jpf@fullerfuller.com

On this the 27th day of March, 2013.

On this the 27th day of March, 2013.

By: */s/ Ronald J. Smeberg*
    Ronald J. Smeberg, Esquire

By: */s/ John P. Fuller*
    John P. Fuller, Esquire

Complaint package Macy's Greenpoint Mall (cme 1-29-13).wpd

12